FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 17, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VIRGINIA D., <br><br> Plaintiff, <br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration,[1] <br><br> Defendant. | No: 2:20-CV-00408-LRS <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 17, 18. This matter was submitted for consideration without oral argument. Plaintiff is represented by attorney Chad L. Hatfield. Defendant is represented by Special Assistant United States Attorney Justin L. Martin. The

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER ~ 1

Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment, ECF No. 17, **DENIES** Defendant's Motion for Summary Judgment, ECF No. 18, and **REMANDS** the case for to the Commissioner for additional proceedings.

## JURISDICTION

Plaintiff Virginia D.[2] filed an application for Supplemental Security Income (SSI) on March 28, 2018, Tr. 78, alleging disability since February 8, 2010, Tr. 192, due to Graves' disease, anxiety, depression, personality disorder, numbness and tingling in hands and lefts, and arthritis, Tr. 192. Benefits were denied initially, Tr. 95-103, and upon reconsideration, Tr. 107-13. A hearing before Administrative Law Judge Marie Palachuk ("ALJ") was conducted on May 6, 2020. Tr. 35-66. Plaintiff was represented by counsel and testified at the hearing. *Id*. The ALJ also took the testimony of medical expert Don R. Clark, M.D., and vocational expert Sharon F. Welter. *Id*. The ALJ denied benefits on May 21, 2020. Tr. 13-27. The Appeals Council denied Plaintiff's request for review on September 3, 2020. Tr. 1-6. The matter is now before this Court pursuant to 42

---

[2]In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

ORDER ~ 2

U.S.C. §§ 405(g); 1383(c)(3). ECF No. 1.

# BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 44 years old at the date of application. Tr. 191. The highest grade she completed was the ninth grade in 1989. Tr. 226. Plaintiff's reported work history included jobs as in customer service at restaurants, in housekeeper, and in sales at a call center. Tr. 214, 226. At application, she stated that she stopped working on June 1, 2010, due to her conditions. Tr. 225.

# STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching

ORDER ~ 3

for supporting evidence in isolation. *Id*.

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**FIVE-STEP EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

ORDER ~ 4

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. See 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the

ORDER ~ 5

severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. § 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 416.920(g)(1).

The claimant bears the burden of proof at steps one through four. *Tackett v.*

ORDER ~ 6

*Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## THE ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since March 28, 2018, the date of application.  Tr. 15.  At step two, the ALJ found that Plaintiff has the following severe impairments: chronic pain syndrome; Graves' disease; mild obesity (BMI 31); neuropathy of unknown etiology; a history of polysubstance abuse with continued marijuana use through at least March 2018; depression; and anxiety.  Tr. 16.  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  Tr. 17.  The ALJ then found that Plaintiff has the RFC to perform sedentary work as defined in 20 CFR § 416.967(a) with the following limitations:

> the claimant can never climb ladders, ropes, or scaffolds; occasionally climb ramps or stairs; and occasionally balance, stoop, kneel, crouch, or crawl.  The claimant needs a cane for ambulation.  The claimant is able to understand, remember, and carry out simple, routine tasks and maintain concentration, persistence, or pace for 2-hour intervals between regularly scheduled breaks.  The claimant is limited to work in a predictable environment with no public interaction.

Tr. 20.  At step four, the ALJ found that Plaintiff had no past relevant work.  Tr.

ORDER ~ 7

26. At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there were other jobs that exist in significant numbers in the national economy that Plaintiff could perform, including assembler, various (e.g. bench and hand) and sewing machine operator. Tr. 26-27. On that basis, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, from March 28, 2018, the date of application, through the date of her decision. Tr. 27.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her SSI benefits under Title XVI of the Social Security Act. ECF No. 17. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ made a proper step two determination;
2. Whether the ALJ made a proper step three determination;
3. Whether the ALJ properly addressed Plaintiff's symptom statements;
4. Whether the ALJ properly addressed the medical source opinions; and
5. Whether the ALJ made a proper step five determination.

## DISCUSSION

**1. Step Two**

Plaintiff challenges the ALJ's step two decision because she failed to address Plaintiff's alleged spinal impairments and found her migraine headaches not severe. ECF No. 17 at 16-18.

ORDER ~ 8

The step-two analysis is "a de minimis screening device used to dispose of groundless claims." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). An impairment is "not severe" if it does not "significantly limit" the ability to conduct "basic work activities." 20 C.F.R. § 416.922(a). Basic work activities are "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 416.922(b). "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (internal quotation marks omitted). A claimant's own statement of symptoms alone will not suffice. *See* 20 C.F.R. § 416.921.

The ALJ found that Plaintiff had the following severe impairments at step two: chronic pain syndrome; Graves' disease; mild obesity; neuropathy of unknown etiology; a history of polysubstance abuse; depression; and anxiety. Tr. 16. The ALJ failed to discuss Plaintiff's alleged spinal impairment in the step two determination and found that Plaintiff's migraines were "non-severe." Tr. 16-17.

The ALJ's failure to discuss Plaintiff's alleged spinal impairment is an error. The administrative record contains an MRI of Plaintiff's lumbar spine that showed "subarticular recess stenosis with contact of the bilateral L5 nerve roots" and "moderate spondylosis at L5-S1 creat[ing] right-sided subarticular recess stenosis that appears to compress the right S1 nerve root." Tr. 610. Imaging evidence of nerve root compression is objective evidence of a medically determinable

ORDER ~ 9

1  impairment.  The failure to discuss such an impairment at step two when Plaintiff's

2  symptom complaints include difficulty ambulating, Tr. 52 (Plaintiff testified that

3  her walking ability had been deteriorating over time and she continued to

4  experience falls), is an error.

5      Next, the ALJ found that Plaintiff's alleged migraines were "non-severe" at

6  step two.  Tr. 16.  In support of her rationale for finding the migraines "non-

7  severe" was that Plaintiff's brain MRI and cervical spine MRI contained no

8  etiology to explain her headache symptoms.  Tr. 16.  However, migraines are not

9  inconsistent with normal MRI findings.  MRIs are used to rule out diseases of the

10  brain or nerves that may cause headaches or migraines, not as evidence that the

11  headaches are nonexistent.  *See* S.S.R. 19-4p.  Therefore, lack of evidence on an

12  MRI fails to support a finding that the migraines are "non-severe" at step two.

13      Defendant argues that since the step two determination was ultimately made

14  in Plaintiff's favor, any error at step two would be harmless.  ECF No. 18 at 11-12.

15  Here, the ALJ failed to consider the lumber spine MRI that showed compression of

16  the nerve at the right S1 nerve root, which resulted in error throughout the

17  sequential evaluation process.  Therefore, remand is appropriate for the ALJ to

18  properly consider all the evidence, especially the October 2019 MRI of the lumbar

19  spine.

20  **2.    Step Three**

21      Plaintiff argues that the ALJ erred at step three by failing to find that she met

ORDER ~ 10

or equaled listing 1.04.  ECF No. 17 at 18-19.

If a claimant has an impairment or combination of impairments that meets or equals a condition outlined in the "Listing of Impairments," then the claimant is presumed disabled at step three, and the ALJ need not to consider her age, education, and work experience.  20 C.F.R. § 416.920(d).  An ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment.  *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001).

The ALJ found that Plaintiff did not meet or equal listing 1.04 by stating that "[t]he record does not show evidence of nerve root compression, spinal arachnoiditis, or lumbar stenosis resulting in pseudoclaudication." Tr. 17.  This is not supported by substantial evidence.  As discussed above, the record includes an October of 2019 MRI of the lumbar spine showing compression of the right S1 nerve root.  Tr. 610.  Therefore, the ALJ's step three determination must be readdressed at remand.

**3.    Plaintiff's Symptom Statements**

Plaintiff argues that the ALJ erred in evaluating her symptom testimony. ECF No. 17 at 19-21.

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is reliable.  *Tommasetti,* 533 F.3d at 1039.  First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to

ORDER ~ 11

produce some degree of the symptoms alleged.  *Id*.  Second, if the claimant meets this threshold, and there is no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of [her] symptoms only by offering specific, clear and convincing reasons for doing so."  *Id*.

Here, the ALJ found that the medically determinable impairments could reasonably be expected to produce the symptoms Plaintiff alleges; however, the ALJ determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 20.  The ALJ stated that "[t]he objective medical evidence does not clearly support the frequency and severity of the alleged symptoms and limitations," and then summarized the medical evidence.  Tr. 20-23.  The ALJ concluded her analysis with the statement that "[s]ummarizing the extent to which the claimant's allegations of functional limitations are supported by the evidence, the claimant's allegations are not fully supported." Tr. 27.

The Ninth Circuit has specifically addressed that ALJ determinations that make a generic non-credibility finding followed by a summary of the medical evidence does not meet the "specific" portion of the "specific, clear and convincing" standard.  *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015).  While this summary of the medical evidence could be used to infer reasons to reject Plaintiff's symptom statements, any reason the Court must "infer" from the

ORDER ~ 12

ALJ's decision as a reason for rejecting Plaintiff's testimony cannot meet the "specific, clear and convincing standard." *Brown-Hunter*, 806 F.3d at 494 ("Although the inconsistencies identified by the district court could be reasonable inferences drawn from the ALJ's summary of the evidence, the credibility determination is exclusively the ALJ's to make, and ours only to review. As we have long held, '[W]e are constrained to review the reasons the ALJ asserts.'" citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)). Therefore, the ALJ's summary of the medical record, Tr. 26-27, does not meet the specific, clear and convincing standard. On remand, the ALJ will properly address Plaintiff's symptom statements.

**4.  Medical Source Opinions**

Plaintiff challenged the ALJ's treatment of the opinions of Don Clark, M.D., Michael Turner, M.D., and N.K. Marks, Ph.D. ECF No. 17 at 7-16.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 416.920c. The new regulations provide that the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 416.920c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative

ORDER ~ 13

medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 416.920c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations emphasize that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how he considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b). The ALJ may explain how he considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

(1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

ORDER ~ 14

20 C.F.R. § 416.920c(c).[3]

### A.    Don Clark, M.D.

Dr. Clark was called as a medical expert at Plaintiff's hearing. Tr. 39. He stated that he found no basis for her alleged physical limitations. Tr. 42. When asked if he had reviewed the MRI evidence, Dr. Clark stated that he had and that the alleged physical symptoms could not be correlated with the imagining evidence and attributed all of Plaintiff's reported physical symptoms to drug use. Tr. 42-50.

The ALJ found Dr. Clark's opinion to be somewhat persuasive. Tr. 24. However, the ALJ failed to discuss the opinion's consistency and supportability. Tr. 24. Furthermore, Plaintiff's attorney pointed Dr. Clark to the MRI evidence of the compressed nerve root at S1 at Exhibit 12F, page 47, and Dr. Clark confirmed that he had read page 57 and there was no muscle weakness, no reflex change, and no sensory change along the specific nerve documented. Tr. 43. In this treatment note that Dr. Clark used to confirm that there was no evidence of symptoms

---

[3]The parties disagree over whether Ninth Circuit case law continues to be controlling in light of the amended regulations, specifically whether an ALJ is still required to provide specific and legitimate reasons for discounting a contradicted opinion from a treating or examining physician. ECF Nos. 18 at 4-5, 19 at 1-2. The Court finds resolution of this question unnecessary to the disposition of this case.

ORDER ~ 15

1  correlated with the S1 compression, Plaintiff's gait was not observed because she

2  was unable to stand and walk. Tr. 565. Considering the case is being remanded

3  for the ALJ to properly address the MRI of the lumbar spine showing a

4  compression of the S1 nerve root, the ALJ will call another medical expert to

5  provide an opinion regarding the MRI results and the observations and testing in

6  the record.

7       **B.     Michael Turner, M.D.**

8  Dr. Turner completed a Medical Report form diagnosing Plaintiff with upper

9  motor neuron disease and quadriparesis. Tr. 629. He opined that Plaintiff was

10 severely limited, which is defined as "[u]nable to perform the demands of even

11 sedentary work." Tr. 630. He opined that if Plaintiff attempted to work full-time,

12 she would miss an average of four or more days each month. Tr. 630. He stated

13 that "[s]he has now been recommended for a wheelchair." Tr. 630. He limited all

14 of Plaintiff's upper extremity use to occasional use. Tr. 630. He opined that

15 during a 40-hour work week she would be off task and unproductive for over 30%

16 of the time. Tr. 631. He opined that these limitations had existed since October of

17 2019. Tr. 631. Dr. Turner stated that Plaintiff's "situation is quite serious.

18 Unfortunately[,] we have not been able to find any significantly helpful treatments.

19 She is progressively worsening." Tr. 631.

20      The ALJ found the opinion to be not persuasive because the findings in his

21 treatment notes did not support the degree of limitation opined and the use of

ORDER ~ 16

occasional cane or walker to ambulate is contrary to the statement that she needs a walker and "shows she can in fact use her upper extremity to execute manipulation movements (i.e., a cane and walker both require the claimant to hold on to them in order to use them)." Tr. 25-26. Here, the case is being remanded for the ALJ to call an additional medical expert for a hearing and to properly address the MRI showing nerve root compression at the S1 level. Therefore, the ALJ will readdress the opinion of Dr. Turner.

### C. N.K. Marks, Ph.D.

On October 24, 2013, Dr. Marks examined Plaintiff and completed a Psychological/Psychiatric Evaluation form for the Washington Department of Social and Health Services. Tr. 293-97. Dr. Marks diagnosed Plaintiff with psychosis not otherwise specified, rule out psychotic disorder, mood disorder, alcohol dependence in remission, and a personality disorder. Tr. 295. She opined that Plaintiff had a marked limitation in six areas of work activity and a moderate limitation in five areas of basic work activity. Tr. 296.

The ALJ found Dr. Marks' opinion to be not persuasive, finding that it was not supported by the longitudinal record and then proceeded to cite only one treatment note in support of her determination. Tr. 25. Since the case is being remanded, the ALJ will call a psychological expert to provide testimony regarding Plaintiff's mental health impairments and resulting limitations. After taking testimony from the psychological expert, the ALJ will then readdress Dr. Marks'

ORDER ~ 17

opinion.

5.  **Step Five**

Plaintiff challenges the ALJ's step five determination arguing that an incomplete RFC was presented to the vocational expert based on the ALJ's errors at steps two and three, in addressing Plaintiff's symptom statements, and in addressing the medical opinions. ECF No. 17 at 20-21. Since this case is remanded based on the ALJ's errors as addressed above, the ALJ will make a new step five determination.

**CONCLUSION**

Plaintiff requests that the Court remand the case for an immediate award of benefits. ECF No. 17 at 21.

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison v. Colvin*, 759 F.3d 995, 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability

ORDER ~ 18

claims." *Varney*, 859 F.2d at 1401.  But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate.  *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

The Court finds that further administrative proceedings are appropriate.  *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose).  Here, a medical expert and psychological expert shall be called to provide testimony at a remand proceeding.  The ALJ will address the MRI showing a compressed nerve at the S1 level.  The ALJ will readdress the step two determination, the step three determination, Plaintiff's symptoms statements, the medical opinions, and the step five determination.  The ALJ will gather any outstanding medical evidence and call a vocational expert to provide testimony at remand proceedings.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 17, is **GRANTED, in part,** and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

2. Defendant's Motion for Summary Judgment, ECF No. 18, is **DENIED**.

ORDER ~ 19

The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** February 17, 2022.

_____
LONNY R. SUKO
Senior United States District Judge

ORDER ~ 20